MaNLV, J.
This ease is'brought before us upon exceptions to the ruling of the Court below, in a matter of evidence, and also for the refusal of the Judge to give certain instructions asked for, and for giving other instructions aliedged to be erroneous! ,
1. We are not informed of any ground upon which the pvülonce' is deemed' inadmissible. Ordinarily, in both civil and criminal causes, the declarations and admissions of one party may he introduced hy the other. There are exceptions to this tule, but the case before-us does not fall under any of these exceptions.'
The defendant was indicted' for: a battery on L. S. Gash, and, on the trial, his case” was made to turn on the question whether the battery was in self-defence or other? wise. His prov'ous declarations, that he intended to give Gash a caning, were certainly pertinent to ..he-inquiry, ami, therefore, for'aught we can see, admissible.
2. The instructions asked for were properly refused. The Court was req uested to charge the jury that “ if defendant, at the time he struck Ga*sh, believed Gash was about to ffirike-bim with the knife, that then the defendant had the right io strike Gash,first.’/
*88 '. A right to act in-self-defence. does not depend upon the special state 8f mind oí.' the subject of inquiry. He ia judged by the rules which are applicable to men whosp •nerves are in an ordinarily sound and healthy state ; and whatever may be his personal apprehensions, if he has not reasonable ground to support them, he will not be protected by the principle of self-defence. *
The normal condition of the human passions and faculties must he regarded in establishing rules .for the government, of human conduct. The question, then, in such cases as the present; is not what were the? apprehensions of the defendant, b.ut what these ought, to havo been, when measured by a standard derived 'from observation of men of ordinary firmness and reflection. This is what is called reasonable ground of belief, and is the rule for judging of a caso of self-defence, upon an indictment fpr an assault and battery. Therefore a prayer for‘instruction, which assumed that one’s personal feelings and apprehensions, however eccentric and morbid these might be, determined the Character of his conduct, was properly refuse^.- . . .
3. It will he found, from a consideration of what has been said above, and‘from other plain principles of law, that the instruotious actually giren áre in. conformity with law.
The portion which we suppose'is objected id is, ‘ cj.i”the defendant bad good reason to believe,' and did believe, 'Gash was about to strike him, then the defendant had a right to strike first, unless the defendant ¡¡ought the fight '•and provoked an dtlack.. This .is corred, and is one of the plainest principles pertaining to the law of assault- and battery. If two men fight by consent, (which consent may he inferred from language and conduct,)'the partis# *89 are guilty of mutual assaults and batteries, no matter who committed tlie' first assault or struck tbe first blow.
There was no error on the trial below. This should fee certified to the Superior Court of Law for Henderson county, that said Court may.proceed, &c.